UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLASSTECH, INC.,<br><br>· Plaintiff,<br><br>- against -<br><br>MICHAEL FREUND, PINCUS GREEN, AND DOES 1-3,<br><br>Defendants. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>1:23 Civ. 06004 (PGG)(JLC) |

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.     With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" pursuant to this Order, no person subject to this Order may disclose such
Confidential Discovery Material to anyone else except as this Order expressly permits:

    2.    The Party or person producing or disclosing Discovery Material
("Producing Party") may designate as Confidential only the portion of such material that it
reasonably and in good faith believes consists of:

    (a)    previously non-disclosed financial information (including without
limitation profitability reports or estimates, percentage fees, design fees,
royalty rates, minimum guarantee payments, sales reports, and sale
margins);

    (b)    previously non-disclosed material relating to ownership or control of any
non-public company;

    (c)    previously non-disclosed business plans, product-development
information, or marketing plans;

    (d)    any information of a personal or intimate nature regarding any individual;
or

    (e)    any other category of information this Court subsequently affords
confidential status.

    3.    With respect to the Confidential portion of any Discovery Material other
than deposition transcripts and exhibits, the Producing Party or its counsel may designate such
portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the
protected portion in a manner that will not interfere with legibility or audibility; and (b)
producing for future public use another copy of said Discovery Material with the confidential
information redacted.

2

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

3

(a)    the Parties to this action, their insurers, and counsel to their insurers;

(b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

4

(i)     this Court, including any appellate court, its support personnel, and court
        reporters.

8.      Before disclosing any Confidential Discovery Material to any person
referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order
to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit
hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said
counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to
opposing counsel either before such person is permitted to testify (at deposition or trial) or at the
conclusion of the case, whichever comes first.

9.      In accordance with paragraph 2 of this Court's Individual Practices, any
party filing documents under seal must simultaneously file with the Court a letter brief and
supporting declaration justifying – on a particularized basis – the continued sealing of such
documents. The parties should be aware that the Court will unseal documents if it is unable to
make "specific, on the record findings . . . demonstrating that closure is essential to preserve
higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of
Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

10.     The Court also retains discretion whether to afford confidential treatment
to any Discovery Material designated as Confidential and submitted to the Court in connection
with any motion, application, or proceeding that may result in an order and/or decision by the
Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise
afford confidential treatment to any Discovery Material introduced in evidence at trial, even if
such material has previously been sealed or designated as Confidential.

5

11.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

14.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

6

15.     Nothing in this Order will prevent any Party from producing any
Confidential Discovery Material in its possession in response to a lawful subpoena or other
compulsory process, or if required to produce by law or by any government agency having
jurisdiction, provided that such Party gives written notice to the Producing Party as soon as
reasonably possible, and if permitted by the time allowed under the request, at least 10 days
before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to
oppose compliance with the subpoena, other compulsory process, or other legal notice if the
Producing Party deems it appropriate to do so.

16.     Each person who has access to Discovery Material designated as
Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or
inadvertent disclosure of such material.

17.     Within 60 days of the final disposition of this action – including all
appeals – all recipients of Confidential Discovery Material must either return it – including all
copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such
material – including all copies thereof. In either event, by the 60-day deadline, the recipient
must certify its return or destruction by submitting a written certification to the Producing Party
that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms
of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this
provision, the attorneys that the Parties have specifically retained for this action may retain an
archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda,
correspondence, or attorney work product, even if such materials contain Confidential Discovery
Material. Any such archival copies that contain or constitute Confidential Discovery Material
remain subject to this Order.

7

18. This Order will survive the termination of the litigation and will continue

to be binding upon all persons to whom Confidential Discovery Material is produced or

disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to

the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

SO STIPULATED AND AGREED.

Kaplan Hille LLA
Attorneys for Gluerstech, Inc.
Dated: 3/1/24

Dated: 3/28/24
AHY for Pincus Green

Trachtenberg & Apata for Defendant
Dated:
March 1, 2024
14 Yitzhak Frank

Dated: New York, New York
March 28, 2024

SO ORDERED.

Pauls Sardephe

Paul G. Gardephe
United States District Judge

8