UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLASSTECH, INC,

                    Plaintiff(s),

      -v-

MICHAEL FREUND, ET AL.,

                    Defendant(s).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/2024

**ORDER**

23-CV-6004 (PGG) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

      The Court held a telephone conference to address the discovery issues raised in the parties' Joint Status Letter (ECF No. 96). For the reasons discussed during the conference:

      Defendant Pincus Green is ORDERED to produce without redactions all documents within the following categories that are in his possession, custody, or control: (1) all powers of attorney for Defendant Green's bank accounts at Luzerner Kantonalbank and Reichmuth & Co.; (2) documents showing the authorized signatories for these same accounts; and (3) all documents regarding fund transfers from Defendant Green to Michael Freund or for investments listed in Appendix 1 to the Tel Aviv Family Court's order dated June 7, 2023 ("Investments"). Defendant Green must take steps to obtain such documents within his control, including by making written requests for such documents from the banks at which he holds

1

accounts, and either produce the relevant documents within his control or affirm that there are no such additional documents in his control.

During the conference, Defendant Green's counsel represented that Defendant Green searched Yeshil Management AG and Alan Green's records and confirmed that all documents in their possession regarding transfers of funds to Michael Freund for the purpose of the Investments had been produced. Defendant Green is not required to produce documents discussing Investments after these transfers of funds were completed.

Further, the Court determined that records from the Israeli Court proceeding need not be produced for the purpose of jurisdictional discovery. The Court finds that, while these documents might have some arguable relevance to whether Defendant Green is subject to personal jurisdiction, their production is not proportional to the needs of the case due to the burden and complexity of their production, including potential barriers imposed by Israeli law, and in light of the other jurisdictional discovery that is being provided. This finding is limited to jurisdictional discovery and is without prejudice to any similar request that might be made for merits discovery.

The parties are ORDERED to complete jurisdictional discovery by no later than November 29, 2024. Pursuant to Judge Gardephe's Order at ECF No. 37, one week following the conclusion of jurisdictional discovery, the parties shall submit a joint letter explaining the results of the discovery and whether Defendant Green

still wishes to proceed with his motion to dismiss this action for lack personal jurisdiction.

**SO ORDERED.**

Dated: October 18, 2024
      New York, New York

Henry J. Ricardo
United States Magistrate Judge